■ CITIBANK, N. A., Plaintiff, v GRADY BATTLE et al., Defendants. GRADY BATTLE et al., Third-Party Plaintiffs-Respondents, v KLAR, PIERGROSSI & GALLINA et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [687 NYS2d 134] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered July 10, 1997, which, *inter alia*, denied the motion of third-party defendants-appellants for summary judgment dismissing the fourth and fifth causes of action in the third-party complaint for fraud and breach of fiduciary duty, unanimously affirmed, without costs.

Although the evidence of what precisely transpired in this rather murky real estate transaction is not entirely clear, we agree with the motion court that it is sufficient to withstand the motion brought by third-party defendants-appellants Klar, Piergrossi & Gallina and Ronald M. Klar (collectively Klar) for summary judgment dismissing the causes of action for fraud and breach of fiduciary duty pending further discovery.

There is at least some evidence supporting the allegations that third-party plaintiffs-respondents Grady Battle, David Battle, Martha Battle and Grace Battle (the Battles) contacted Marland Real Estate and expressed interest in purchasing a residential rental building that had been advertised in the newspaper, that Tony Narain, Marland's principal, did not disclose that the building was owned by his brother, Peter Narain, that the Battles, who needed an attorney to represent them in the proposed transaction, were referred to Klar by Tony Narain, that Klar had a long-standing relationship with Narain and had had numerous clients referred to him by Narain, and that Klar had previously represented Marland in a prior transfer of the subject building to Peter Narain. Additionally, there appears to be no dispute that the Battles put down only $10,000 in cash on the $245,000 purchase price and received a $220,500 mortgage from Citibank, which, in its mortgage commitment, prohibited secondary financing on the building. It is unclear what happened regarding the remaining $14,500 due under the contract. Furthermore, the evidence shows that Tony Narain acted as the mortgage broker in obtaining the mortgage from Citibank and that Klar represented Citibank, along with the Battles, at the closing.

Under these circumstances, further discovery is warranted on the Battles' claims that Klar defrauded them and breached his fiduciary duty to them by, *inter alia*, misleading them concerning whether the building would operate at a profit by withholding information regarding the rental income from the building, which they claim he was aware of due to his prior

dealings with the Narains, and deceiving them concerning the amount of the mortgage they were assuming and the amount they would have to pay each month. We reject Klar's argument that there has already been voluminous discovery and further discovery is not warranted inasmuch as it appears that most or all discovery to date has been of the Battles, not of Klar. Concur—Ellerin, P. J., Nardelli, Wallach and Rubin, JJ.